1  Scott D. Tenley (Cal. Bar No. 298911)
2  scott@tenleylaw.com
   **TENLEY LAW, P.C.**
3  2601 Main Street, Suite 850
   Irvine, California 92614
4  Telephone: (949) 749-2300
5  Facsimile: (949) 520-6727

6
   Attorneys for Defendant
7  CHRISTIAN CERNA CAMACHO

8                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTIAN DAMIAN CERNA CAMACHO,<br><br>  Defendant. | Case No.: 2:25-cr-00505-CV<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR ORDER MODIFYING CONDITIONS OF RELEASE** |

   Defendant Christian Damian Cerna Camacho, by and through his counsel of record, Scott D. Tenley, hereby applies *ex parte* for an order modifying the conditions of his release to change his location monitoring condition to "Location Monitoring Without an Ankle Monitor" and "At the Direction of the Supervising Agency."

   Pretrial Services defers to the Court on the proposed modification. The government defers to the Court on the proposed modification.

   This *ex parte* application is based on the attached declaration of Scott D. Tenley, the declaration of Jordan Cerna, the files and records of the case, and such further

//
//

1 | evidence and argument as the Court may require.

                                      Respectfully Submitted,

Dated: October 17, 2025      **TENLEY LAW, P.C.**

                                      _____
                                      SCOTT D. TENLEY

                                      Attorneys for Defendant
                                      CHRISTIAN CERNA CAMACHO

# DECLARATION OF SCOTT D. TENLEY

I, Scott D. Tenley, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record to defendant Christian Damian Cerna Camacho in *United States v. Cerna Camacho*, No. 2:25-cr-00505-CV. I have personal knowledge of the facts set forth herein or have been informed of these facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto to the extent possible.

2. On June 18, 2025, the Honorable Fred W. Slaughter, United States District Judge, in his capacity as Duty District Judge, ordered Mr. Cerna released on bond, subject to a series of conditions including Home Detention. Judge Slaughter also ordered Mr. Cerna to clear all outstanding warrants or DMV and traffic violations upon his release from custody. (Dkt. No. 21.)

3. Mr. Cerna was released from custody on June 18, 2025. (Dkt. No. 25.)

4. Mr. Cerna cleared all outstanding DMV matters (he had no outstanding warrants to clear) and provided proof to Pretrial Services. (Dkt. No. 37.)

5. Mr. Cerna has no prior criminal history.

6. To my knowledge, Mr. Cerna has not violated any condition of his release.

7. The Court has previously modified Mr. Cerna's bond to place him on curfew from 10:00 p.m. to 5:00 a.m. These modifications were requested to, among other reasons, assist Mr. Cerna is securing work.

8. I am informed of the following: Mr. Cerna is a Level 7 apprentice carpenter for his local union. He has specialized training in carpentry related to concrete, and is experienced in performing carpentry work on bridges, footings, highways, and heavy structures. That type of work requires him to, among other things, move around among rebar flooring and concrete pours, wear safety harnesses, maneuver in tight spaces, and work at heights. Mr. Cerna has been advised that his ankle monitor presents a safety risk for getting caught in rebar, harnesses, etc. and some jobsite superintendents have declined to hire him on account of the ankle monitor.

Other positions (for which he may not be trained) pay less and may not hirer someone at his level.

9. Attached as Exhibit A is a true and correct email from a foreman/superintendent confirming the danger of Mr. Cerna's work while wearing an ankle monitor.

10. Through this application, Mr. Cerna asks this Court to revise the location monitoring technology used for his location monitoring to location monitoring *without* an ankle bracelet, subject to the discretion of the supervising agency.

11. On October 16, 2025, I conferred by email with Pretrial Services Officer Stephanie Barrera-Sims, who is the location monitoring specialist assigned to Mr. Cerna. Officer Barrera-Sims said she defers to the Court regarding the requested modification, but notes that "Pretrial believes the only way to monitor the bond condition that prohibits Mr. Cerna from being within 300-feet of a federal building is through GPS monitoring. Without GPS monitoring there is no way Pretrial can assure Mr. Cerna is in compliance with the Court orders." In response, I note that Mr. Cerna has been in full compliance with the terms of his release, he has no criminal history, he has not engaged in any further immigration-related protests, and he fully understands his obligation to remain 300 feet from any federal building or federal law enforcement activity. The need to ensure compliance with this term should not outweigh the need for Mr. Cerna to find employment to support his family and to work safely. He is the sole provider for his family, which includes two young children.

12. On October 16, 2025, I conferred with Assistant United States Attorney Andrew Roach regarding the proposed modification. Mr. Roach said that he defers to the Court on the proposed modification.

I declare under penalty of perjury under the laws of the United States of America

//
//

that the foregoing is true and correct.

Executed this 17th day of October, 2025, at Los Angeles, California.

_____
SCOTT D. TENLEY

# Exhibit A

| | |
|---|---|
| **From:** | Christian Cerna |
| **To:** | Scott D. Tenley |
| **Subject:** | Fwd: Ankle Monitor |
| **Date:** | Thursday, October 16, 2025 8:21:56 AM |

---------- Forwarded message ---------
From: **Damian Gutierrez** <damian@inhancedesignbuild.com>
Date: Thu, Oct 16, 2025 at 8:20 AM
Subject: Ankle Monitor
To: ccerna98@gmail.com <ccerna98@gmail.com>


With 30 years of experience, and management, I feel there is a risk to safety of an individual wearing a Ankle Monitor, and others to the job site. An Ankle Monitor can cause a trip hazard. While installing Deck Scaffolding, up to 20 feet high, carpenters are walking on a 10" wide plank , and monitor can create a fall hazard . Without Monitor , opportunity to get a Union High Rise Job will increase.