Scott D. Tenley (Cal. Bar No. 298911)
scott@tenleylaw.com
**TENLEY LAW, P.C.**
2601 Main Street, Suite 850
Irvine, California 92614
Telephone: (949) 749-2300
Facsimile: (949) 520-6727

Attorneys for Defendant
CHRISTIAN CERNA CAMACHO

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN DAMIAN CERNA CAMACHO,<br><br>Defendant. | Case No.: 2:25-cr-00505-CV<br><br>**UNOPPOSED *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE**<br><br>Current Trial Date: 12/16/2025<br>[Proposed] Trial Date: 02/17/2026 |

Defendant Christian Damian Cerna Camacho, by and through his counsel of record, Scott D. Tenley, hereby applies *ex parte* for an order continuing the trial date in this matter from December 16, 2025 to February 17, 2026.

The government does not oppose this application.

This *ex parte* application is based on the attached declaration of Scott D. Tenley, the files and records of the case, and such further evidence and argument as the Court

//

//

---

*Ex Parte* Application to Continue Trial

1 | may require.

2 |                                    Respectfully Submitted,

3 | Dated: October 28, 2025           **TENLEY LAW, P.C.**

4 |

5 |                                    _____

6 |                                    SCOTT D. TENLEY

7 |

8 |                                    Attorneys for Defendant
  |                                    CHRISTIAN CERNA CAMACHO

# DECLARATION OF SCOTT D. TENLEY

I, Scott D. Tenley, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record to defendant Christian Damian Cerna Camacho in *United States v. Cerna Camacho*, No. 2:25-cr-00505-CV. I was appointed to serve as Mr. Cerna's counsel pursuant to the Criminal Justice Act ("CJA"). I have personal knowledge of the facts set forth herein or have been informed of these facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto to the extent possible.

### A. Background

2. On July 25, 2025, pursuant to a stipulation between the parties, this Court entered an order continuing the trial date from August 12, 2025 to December 16, 2025. (Dkt. No. 41 at ¶ 1.) The Court also continued the pretrial conference to December 5, 2025. (*Id.*) This was the parties' first request for a trial continuance.

3. In the order continuing the trial date, the Court advised the parties that they "should not expect a further continuance." *Id.* at ¶ 5. The Court further instructed that "[i]f another continuance is requested, defense counsel shall provide a declaration explaining in detail why he is not available, why he believed he would be available, and what unforeseen and unavoidable events occurred in the interim." *Id.* Finally, the Court directed the parties to seek any additional continuance by noticed motion. *Id.*

### B. Grounds for Proceeding on an *Ex Parte* Basis

4. *Ex parte* relief is warranted where the movant makes a two-part showing: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995).

5. On the first element, Mr. Cerna will be prejudiced if he is required to proceed by noticed motion. Pursuant to the Court's standing order, a regularly noticed motion would be heard no earlier than December 5, 2025 – the same date as the currently scheduled pretrial conference. Mr. Cerna and his counsel would be required to prepare for trial through that date, including litigating motions in limine and producing discovery to the government, none of which would not be immediately necessary if the trial date is continued to February 2026. Some or all of that pretrial work – performed by Mr. Cerna's counsel, paralegal, and investigator – would be performed without compensation on account of the ongoing government shutdown.

6. Mr. Cerna is without fault in creating the need for *ex parte* relief. As discussed below, the government shutdown and associated freeze on payments to CJA counsel and approved service providers like paralegals, investigators, and expert witnesses was not anticipated when the parties sought the first continuance. While I was aware that I would not be paid for my initial work on this case until the beginning of the new fiscal year on October 1, 2025, I did not anticipate that a government shutdown would stop payment for work performed after October 1, 2025. I also did not anticipate that my service providers would not be paid on October 1, 2025 or on a going forward basis.

7. Under these circumstances, *ex parte* relief is appropriate. *Cf. Washoutpan.com, LLC v. White Cap*, No. 2:20-cv-01105-AB (JEMx), 2021 WL 12340170, at * 1(C.D. Cal. Dec. 9, 2021) (citing *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (finding *ex parte* relief appropriate for a procedural order that cannot be obtained through a regularly noticed motion).

C. **Grounds for the Requested Continuance**

8. At or around the time of my appointment, the United States government had already failed to adequately fund the operations necessary to support payments for appointed counsel. The Criminal Justice Act – signed into law in 1964 and responsible for funding approximately 90 percent of federal criminal cases – has operated without

any funding whatsoever since July 3, 2025. Although CJA counsel were repeatedly assured that funding would resume on October 1, 2025 with the start of the 2026 fiscal year, that did not occur because Congress has neither enacted a 2026 budget nor passed a continuing resolution to maintain even temporary funding.

9. While I anticipate Mr. Cerna's defense team will ultimately be paid for any work we perform before a new budget is in place, at least one court has suggested we may never be paid for this work. In *United States v. Vasquez II*, No. 2:25-cr-135-WBS (E.D. Cal. Oct. 20, 2025), a district court in the Eastern District of California held that the Sixth Amendment does not require compensation for appointed counsel and that CJA attorneys must continue representing indigent defendants indefinitely—even after appropriated funds have been exhausted.

10. The Sixth Amendment's guarantee of counsel to indigent defendants is rendered meaningless if that counsel cannot be compensated for their work. The Criminal Justice Act was never intended to operate as a *pro bono* program, nor can it constitutionally be reduced to one by inaction or neglect. When the government fails to fund appointed counsel, it does more than inconvenience the defense – it effectively denies indigent defendants the representation that the Sixth Amendment promises. Such a failure also gives rise to serious due process and equal protection violations. As the Supreme Court explained in *Douglas v. California*, 372 U.S. 353 (1963), it offends equal protection to hold that defendants without means are entitled to less justice than those who can afford counsel. *See also Burns v. Ohio*, 360 U.S. 252 (1959) (recognizing that denying access to essential stages of the criminal process on account of indigency violates equal protection); *Griffin v. Illinois*, 351 U.S. 12 (1956) (same).

11. On the other hand, during the current funding crisis, the government has confirmed that it will continue financing portions of the Department of Homeland Security ("DHS") – the very agency that investigated this case. At the time of the shutdown, the compensation of 44,466 DHS employees was supported by a funding source other than annual appropriations, allowing those officials to continue receiving

1  uninterrupted pay.[1]  On October 14, 2025, the Office of Management and Budget
2  announced that all federal law enforcement agents would continue to be paid.[2]

3       12.   As a result, the same DHS agents who initiated the investigation and
4  continue to prosecute Mr. Cerna will continue to receive full compensation for their
5  work.  In effect, the government has ensured that the enforcement arm responsible for
6  initiating and pursuing this prosecution remains fully funded, while refusing to fund
7  the defense function necessary to ensure its fairness.

8       13.   I am aware that some defendants who are represented by court-appointed
9  counsel are moving to dismiss the charges against them on account of the CJA funding
10  crisis.  This application seeks a much less drastic order – briefly continuing the trial
11  date so that Mr. Cerna's defense team need not choose between working without
12  compensation or subjecting Mr. Cerna to a trial where he is not afforded his
13  constitutional right to counsel.

14       14.   Under these circumstances, a two-month continuance is reasonable and
15  appropriate (and qualifies as an "ends of justice" continuance under the Speedy Trial
16  Act) as a means to ensure that Mr. Cerna is fully afforded his Sixth Amendment right
17  to counsel when he prepares for and proceeds to trial.

18       15.   As applied to Mr. Cerna's defense team specifically, the government
19  shutdown and fiscal crisis has hindered our ability to prepare for trial.  Mr. Cerna has
20  engaged a private investigator who has been tasked with pouring through hours of
21  video evidence, including body worn camera recordings, news media reports, and
22  social media content.  He has identified and interviewed witnesses to the event at issue.
23  The investigator has also performed other critical investigative functions that are a
24  matter of confidential defense strategy.  The investigator has advised me, however, that

---

[1] https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf (last accessed October 15, 2025).

[2] https://x.com/WHOMB/status/1978087563211473168 (last accessed Oct. 14, 2025).

while he has made every effort to complete investigative work on this case even though he is not receiving compensation, he has reached a point where he can no longer afford to spend time performing uncompensated work and must focus his attention exclusively on paying clients. In effect, he said, he is "pencils down" on this case. Accordingly, until the shutdown lifts and CJA investigators are paid for past work, I will be without the services of an investigator.

16. Additionally, as the Court is aware through the pending motion related to expert disclosures (Dkt. No. 52), Mr. Cerna intends to call one or more expert witnesses at trial. I am in the process of identifying those expert witnesses but have been felt the need to advise that I cannot confirm when he or she will be paid for the services provided. I have not yet determined for whom I will seek authorization to retain as an expert witness and therefore no potential expert has formally refused to assist on account of current non-payment issues. However, it is evident to me that ultimately retaining an expert witness will become more difficult as the shutdown continues and the expert will have no definitive assurance of prompt payment.

17. At this point, the attorney/paralegal who is assisting Mr. Cerna has continued to provide services even though she is not paid for that work. While I anticipate she will continue to do so, I am more reticent to assign her tasks associated with Mr. Cerna's case when other private client work to her will allow her to earn money.

18. So that Mr. Cerna has a full and fair opportunity to prepare for trial and present his defense (including expert witnesses), I respectfully request a two-month continuance of the trial date, to February 17, 2026. While I cannot be certain whether the shutdown will end sufficiently in advance of that date, the requested continuance should be sufficient to allow the government to be re-open and funds to begin flowing to CJA service providers. To the extent the funding crisis continues into 2026, I will raise the issue with the Court at that time, if necessary.

19. I can assure the Court that I have diligently prepared this case for trial and the requested continuance is not for the purpose of delay or because of a failure to prepare for trial. I will also note for the Court that the defense anticipates filing two additional motions – a motion to dismiss and a motion to suppress evidence. The motion to suppress evidence will likely require an evidentiary hearing for which I will need the assistance of my attorney/paralegal and investigator.

20. While it is possible a shorter continuance may have been sufficient, I will be in trial in *United States v. Tammy Le et al.*, No. 2:23-cr-00351-FMO, beginning on January 27, 2026. The *Le* case is a two-defendant wire fraud and money laundering matter, which is anticipated to last five to seven court days, and will require my full attention in late December 2025 and all of January 2026.[3]

21. During a telephone conference on October 23, 2025, Assistant United States Attorney Andrew Roach advised me that the government does not oppose a continuance of the trial date to February 17, 2026 and that the government does not object to this *ex parte* application.

22. I have discussed the proposed continuance with Mr. Cerna. Mr. Cerna does not object to, and is in full agreement with, the requested continuance. Should the Court grant the requested continuance, Mr. Cerna will enter into a stipulation with the government waiving his Speedy Trial Rights.

D. **Conclusion**

23. For the foregoing reasons, I respectfully move the Court to grant this *ex parte* application and continue the trial date in this matter from December 16, 2025 to

//
//

---

[3] While I would prefer to continue Mr. Cerna's trial date to February 24, 2026, the government found February 17, 2026 to be a more reasonable date to which the trial should be continued.

February 17, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of October, 2025, at Irvine, California.

_____
SCOTT D. TENLEY