1 | BILAL A. ESSAYLI
First Assistant United States Attorney
2 | ALEXANDER B. SCHWAB
Assistant United States Attorney
3 | Acting Chief, Criminal Division
ANDREW M. ROACH (Cal. Bar No. 293375)
4 | Assistant United States Attorney
Deputy Chief, General Crimes Section
5 |      1200 United States Courthouse
     312 North Spring Street
6 |      Los Angeles, California 90012
     Telephone: (213) 894-0306
7 |      E-mail:   andrew.roach@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00505-CV |
|---|---|
| Plaintiff, | STIPULATION FOR ORDER OF FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CHRISTIAN DAMIAN CERNA CAMACHO, | **TRIAL DATE:** February 17, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Andrew M. Roach, and defendant Christian Damian Cerna Camacho ("defendant"), both individually and by and through his counsel of record, Scott D. Tenley, hereby stipulate as follows:

1. The indictment in this case was filed on June 18, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 12, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 27, 2025.

2. On July 14, 2025, the Court set a trial date of August 12, 2025 and a pretrial conference date of August 1, 2025.

3. The Court has previously continued the trial date in this case from August 12, 2025 to December 16, 2025, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three days.

5. On October 28, 2025, defendant moved ex parte to continue the trial date from December 16, 2025 to February 17, 2026. (Dkt. 60.) The parties incorporate defendant's ex parte application to continue trial herein by reference and the parties agree the facts and reasons for the continuance of trial therein demonstrate good cause to support the appropriate findings under the Speedy Trial Act of excludable time.

6. On November 10, 2025, the Court granted defendant's ex parte application to continue trial from December 16, 2025 to February 17, 2026 and the pretrial conference to December 6, 2025 to February 6, 2026, and it ordered the parties to prepare a stipulation for an order of findings of excludable time under the Speedy Trial Act. (Dkt. 64.)

7. In light of the foregoing, counsel for defendant also represents that the additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

1 pretrial resolution does not occur. Defense counsel represents that
2 failure to grant the continuance would deny him reasonable time
3 necessary for effective preparation, taking into account the exercise
4 of due diligence.
5     8. Defendant believes that failure to grant the continuance
6 will deny him continuity of counsel and adequate representation.
7     9. The government does not object to the continuance.
8     10. The continuance is not based on congestion of the Court's
9 calendar, lack of diligent preparation on the part of the attorney
10 for the government or the defense, or failure on the part of the
11 attorney for the Government to obtain available witnesses.
12     11. For purposes of computing the date under the Speedy Trial
13 Act by which defendant's trial must commence, the parties agree that
14 the time period of December 16, 2025 to February 17, 2026, inclusive,
15 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
16 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
17 continuance granted by the Court at defendant's request, without
18 government objection, on the basis of the Court's finding that:
19 (i) the ends of justice served by the continuance outweigh the best
20 interest of the public and defendant in a speedy trial; (ii) failure
21 to grant the continuance would be likely to make a continuation of
22 the proceeding impossible, or result in a miscarriage of justice; and
23 (iii) failure to grant the continuance would unreasonably deny
24 defendant continuity of counsel and would deny defense counsel the
25 reasonable time necessary for effective preparation, taking into
26 account the exercise of due diligence.
27     12. In addition, for purposes of computing the date under the
28 Speedy Trial Act by which defendant's trial must commence, the

1 parties agree that the time period from the filing of defendant's
2 motion for release of grand jury transcripts on September 8, 2025 to
3 the date of the Court's final disposition of the motion, inclusive,
4 should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it
5 constitutes a delay resulting from a pretrial motion, from the filing
6 of the motion through the prompt resolution of the motion.

7      13.  Nothing in this stipulation shall preclude a finding that
8 other provisions of the Speedy Trial Act dictate that additional time
9 periods be excluded from the period within which trial must commence.
10 Moreover, the same provisions and/or other provisions of the Speedy
11 Trial Act may in the future authorize the exclusion of additional
12 time periods from the period within which trial must commence.

13      IT IS SO STIPULATED.

Dated: November 13, 2025            Respectfully submitted,

                                    BILAL A. ESSAYLI
                                    First United States Attorney

                                    ALEXANDER B. SCHWAB
                                    Assistant United States Attorney
                                    Acting Chief, Criminal Division


                                     /s/ Andrew M. Roach
                                    ANDREW M. ROACH
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA


Dated: 11/14/2025                   TENLEY LAW, P.C.

                                    Signed by:
                                    [signature]
                                    AF88EE1EF2ED40B...
                                    SCOTT D. TENLEY
                                    Assistant United States Attorney

                                    Attorneys for Defendant
                                    CHRISTIAN DAMIAN CERNA CAMACHO

4

**CERTIFICATION OF DEFENSE COUNSEL**

I am Christian Damian Cerna Camacho's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 17, 2026 is an informed and voluntary one.

_____     11/14/2025
SCOTT D. TENLEY                      Date
Attorney for Defendant
CHRISTIAN DAMIAN CERNA CAMACHO

**CERTIFICATION OF DEFENDANT**

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 17, 2026. I understand that I will be ordered to appear in Courtroom 10B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on February 6, 2026, at 10:30 a.m., for a pretrial conference and February 17, 2026, at 9:00 a.m., for trial

_____     11/14/2025
CHRISTIAN DAMIAN CERNA CAMACHO       Date
Defendant