1 | BILAL A. ESSAYLI
First Assistant United States Attorney
2 | ALEXANDER B. SCHWAB
Assistant United States Attorney
3 | Acting Chief, Criminal Division
ANDREW M. ROACH (Cal. Bar No. 293375)
4 | Assistant United States Attorney
Deputy Chief, General Crimes Section
5 |     1200 United States Courthouse
    312 North Spring Street
6 |     Los Angeles, California 90012
    Telephone: (213) 894-0306
7 |     E-mail:   andrew.roach@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00505-CV |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CHRISTIAN DAMIAN CERNA CAMACHO |
| v. | |
| CHRISTIAN DAMIAN CERNA CAMACHO, | **[CLASS A MISDEMEANOR]** |
| Defendant. | |

    1.    This constitutes the plea agreement between Christian Damian Cerna Camacho ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, which is the lesser-included charge of the single-count

1 indictment in United States v. Christian Damian Cerna Camacho,
2 No. 2:25-cr-00505-CV, which charges defendant with Assault on a
3 Federal Officer Making Physical Contact, in violation of 18 U.S.C.
4 § 111(a)(1), a felony.

5       b. Not contest facts agreed to in this agreement.

6       c. Abide by all agreements regarding sentencing contained
7 in this agreement.

8       d. Appear for all court appearances, surrender as ordered
9 for service of sentence, obey all conditions of any bond, and obey
10 any other ongoing court order in this matter.

11       e. Not commit any crime; however, offenses that would be
12 excluded for sentencing purposes under United States Sentencing
13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
14 within the scope of this agreement.

15       f. Be truthful at all times with the United States
16 Probation and Pretrial Services Office and the Court.

17       g. Pay the applicable special assessment at or before the
18 time of sentencing unless defendant has demonstrated a lack of
19 ability to pay such assessments.

20 3. Submit a handwritten note of apology to victim E.M. no less
21 than one week before defendant's sentencing position is due to be
22 filed, which is to be provided to the government;

23 4. Withdraw any previously filed pretrial motions, including
24 defendant's motion filed at Docket No. 49, within five days of the
25 filing of this signed plea agreement;

26 5. Agree to and not oppose a one-year period of supervised
27 release or, in the alternative, should the Court not impose a term of
28 imprisonment, agree to and not oppose a one-year period of probation;

6. Agree to and not oppose the imposition of the following condition of probation or supervised release: defendant shall not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a disturbance, without prior permission of United States Probation and Pretrial Services. Defendant is permitted to enter a federal building for legitimate business or governmental purposes, however, defendant must adhere to the building's rules and regulations at all times and follow the commands of any federal employee or officer, and defendant must leave the building immediately, and without a disturbance, if directed by a federal employee or officer. Any violations of this condition, whether intentional or inadvertent, shall be reported within 24 hours of occurrence.

## THE USAO'S OBLIGATIONS

7. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSE

8. Defendant understands that for defendant to be guilty of the crime of Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, the following must be true: (1) defendant forcibly assaulted a federal officer or employee of the United States; and (2) defendant did so while the federal officer or employee was engaged in, or on account of, the federal officer or employee's official duties.

### PENALTIES AND RESTITUTION

9. Defendant understands that the statutory maximum sentence that the Court can impose for Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, is: one year of imprisonment to be followed by a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the misdemeanor conviction in

1 this case may also subject defendant to various other collateral
2 consequences, including but not limited to revocation of probation,
3 parole, or supervised release in another case and suspension or
4 revocation of a professional license.  Defendant understands that
5 unanticipated collateral consequences will not serve as grounds to
6 withdraw defendant's guilty plea.

7     12.  Defendant understands that, if defendant is not a United
8 States citizen, the conviction in this case may subject defendant to
9 removal, also known as deportation, which may, under some
10 circumstances, be mandatory; denial of citizenship; and denial of
11 admission to the United States in the future.  The Court cannot, and
12 defendant's attorney also may not be able to, advise defendant fully
13 regarding the immigration consequences of the conviction in this
14 case.  Defendant understands that unexpected immigration consequences
15 will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

17     13.  Defendant admits that defendant is, in fact, guilty of the
18 offense to which defendant is agreeing to plead guilty.  Defendant
19 and the USAO agree to the statement of facts provided below and agree
20 that this statement of facts is sufficient to support a plea of
21 guilty to the charge described in this agreement and to establish the
22 Sentencing Guidelines factors set forth in paragraph 15 below but is
23 not meant to be a complete recitation of all facts relevant to the
24 underlying criminal conduct or all facts known to either party that
25 relate to that conduct.

26     On about June 7, 2025, in Los Angeles County, within the Central
27 District of California, defendant intentionally and forcibly
28 assaulted, resisted, impeded, intimidated, and interfered with victim

5

1  E.M., an employee of the United States Border Patrol, while E.M. was
2  engaged in, and on account of, the performance of E.M.'s official
3  duties.
4     Specifically, during an immigration protest in Paramount,
5  California, defendant intentionally swung at victim E.M.'s face while
6  E.M. was performing his duties and attempting to prevent protesters
7  from entering federal property.  Defendant fled into the crowd
8  immediately afterward.

## SENTENCING FACTORS

10     14.  Defendant understands that in determining defendant's
11 sentence the Court is required to calculate the applicable Sentencing
12 Guidelines range and to consider that range, possible departures
13 under the Sentencing Guidelines, and the other sentencing factors set
14 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
15 Sentencing Guidelines are advisory only, that defendant cannot have
16 any expectation of receiving a sentence within the calculated
17 Sentencing Guidelines range, and that after considering the
18 Sentencing Guidelines and the other § 3553(a) factors, the Court will
19 be free to exercise its discretion to impose any sentence it finds
20 appropriate up to the maximum set by statute for the crime of
21 conviction.
22     15.  Defendant and the USAO agree to the following applicable
23 Sentencing Guidelines factors:
24   Base Offense Level:            10         U.S.S.G. § 2A2.4(a)
25 Defendant and the USAO reserve the right to argue that additional
26 specific offense characteristics, adjustments, and departures under
27 the Sentencing Guidelines are appropriate.
28

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

20. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the conditions of probation or supervised release imposed by the Court, including the conditions set forth in Second

Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and the conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

22. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

23. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or

any evidence derived from the statements should be suppressed or are inadmissible. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge, felony enhancement, or any civil, administrative, or regulatory action that was either not prosecuted, dismissed, or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge, felony enhancement, or any civil, administrative, or regulatory action that was either not prosecuted, dismissed, or not filed as a result of this agreement, then:

11

      a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

29.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

1 as inconsistent with the facts agreed to in this agreement, this
2 paragraph does not affect defendant's and the USAO's obligations not
3 to contest the facts agreed to in this agreement.
4     31.  Defendant understands that even if the Court ignores any
5 sentencing recommendation, finds facts or reaches conclusions
6 different from those agreed to, and/or imposes any sentence up to the
7 maximum established by statute, defendant cannot, for that reason,
8 withdraw defendant's guilty plea, and defendant will remain bound to
9 fulfill all defendant's obligations under this agreement.  Defendant
10 understands that no one -- not the prosecutor, defendant's attorney,
11 or the Court -- can make a binding prediction or promise regarding
12 the sentence defendant will receive, except that it will be within
13 the statutory maximum.

## NO ADDITIONAL AGREEMENTS

15     32.  Defendant understands that, except as set forth herein,
16 there are no promises, understandings, or agreements between the USAO
17 and defendant or defendant's attorney, and that no additional
18 promise, understanding, or agreement may be entered into unless in a
19 writing signed by all parties or on the record in court.
20 //
21 //
22 //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States Attorney

_____        12/3/2025
ANDREW M. ROACH                  Date
Assistant United States Attorney

_____        12/3/2025
CHRISTIAN DAMIAN CERNA CAMACHO   Date
Defendant

_____        12/3/2025
SCOTT D. TENLEY                  Date
Attorney for Defendant
CHRISTIAN DAMIAN CERNA CAMACHO

14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     12/3/2025
CHRISTIAN DAMIAN CERNA CAMACHO            Date
Defendant

| | |
|---|---|
| 1 | CERTIFICATION OF DEFENDANT'S ATTORNEY |

2     I am Christian Damian Cerna Camacho's attorney.  I have
3 carefully and thoroughly discussed every part of this agreement with
4 my client.  Further, I have fully advised my client of his rights, of
5 possible pretrial motions that might be filed, of possible defenses
6 that might be asserted either prior to or at trial, of the sentencing
7 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
8 Guidelines provisions, and of the consequences of entering into this
9 agreement.  To my knowledge: no promises, inducements, or
10 representations of any kind have been made to my client other than
11 those contained in this agreement; no one has threatened or forced my
12 client in any way to enter into this agreement; my client's decision
13 to enter into this agreement is an informed and voluntary one; and
14 the factual basis set forth in this agreement is sufficient to
15 support my client's entry of a guilty plea pursuant to this
16 agreement.

17 *Signed by: [signature]*

18 SCOTT D. TENLEY                              12/3/2025
   Attorney for Defendant                      Date
19 CHRISTIAN DAMIAN CERNA CAMACHO